UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SONYA N. GROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-073 AS |
| | ) | |
| SCOPE SEATING TECHNOLOGIES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case arises out of a claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., filed by Plaintiff on January 16, 2004. On January 3, 2005, Defendant filed two motions for summary judgment, one electronically and one manually. Plaintiff did not respond to the motions for summary judgment. On February 28, 2005, Defendant filed a motion to dismiss. For the following reasons, this Court **RECOMMENDS** that Defendant's second motion for summary judgment [Doc. No. 41] be **GRANTED** and that Defendant's first motion for summary judgment [Doc. No. 38] and Defendant's renewed motion to dismiss [Doc. No. 45] be **DENIED AS MOOT.**

**I.   RELEVANT BACKGROUND**

Because Plaintiff did not file a response to Defendant's motion for summary judgment, this Court may assume that the facts contained in Defendant's motion are uncontested. The uncontested facts are that Plaintiff Sonya Grove began working for Defendant Scope Technologies Corporation in February 1999. In late April or early May of 2003, Defendant, through its General Manager Jeff Wysong, implemented a process to take some of the key responsibilities away from the plant manager and redistribute some of these responsibilities to

key employees in each production line.  These key employees, known as group leaders, were responsible for overseeing personnel, inventory, production, and efficiency initiatives.  In exchange for the additional responsibilities, group leaders were given an increase in salary of $50.00 per week.  Plaintiff was selected to be one of the group leaders.  However, it soon became apparent that Plaintiff had difficulty adjusting to her new responsibilities.

Even though Plaintiff was selected to be a group leader, she expressed negative feelings about the changes from the beginning.  As early as one week after the changes were implemented, the plant manager informed Mr. Wysong that Plaintiff was expressing negative comments about the changes instituted by management.  In addition, several of Defendant's employees reported to Mr. Wysong that Plaintiff was a poor group leader, lacked supervisory ability, and spoke disparagingly about the corporation.  Mr. Wysong even overheard Plaintiff make these negative comments.  These continued disparaging remarks made it difficult for the company to implement its new policies.  After learning of these problems, Mr. Wysong determined that Plaintiff should be terminated immediately.

On the morning of May 30, 2003, Plaintiff arrived at work to find that her time card was missing.  After making inquiries as to where her time card went, Plaintiff learned of her termination through her immediate supervisor.  She then went to the owner of the company, George Thomas, seeking an explanation for her termination.  Mr. Thomas informed Plaintiff that she was being fired because she was not getting the job done.  At that time Plaintiff became irate and had to be escorted from the building.

On January 16, 2004, Plaintiff filed suit against Defendant alleging that she suffered gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e et seq. Defendant manually filed a motion for summary judgment on January 3, 2005. Defendant then filed a second motion for summary judgment electronically on January 3, 2005. The motions are essentially identical. Plaintiff did not file a response to either motion despite Defendant's notice to do so. On February 28, 2005, Defendant filed a motion to dismiss citing to Plaintiff's continued discovery violations. Plaintiff responded to the motion to dismiss on March 16, 2005, but still did not provide a response to the motions for summary judgment. This Court has the authority to issue a report and recommendation on all pending motions pursuant to 28 U.S.C. § 636(b)(1)(B).

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well as draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to

find for the nonmoving party, there is no genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

### III.    PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Generally, courts give *pro se* litigants greater leeway with the procedural hurdles involved in the litigation process. The Seventh Circuit has noted that courts "must always guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." Kincaid v. Vail, 969 F.2d 594, 598-99 (7th Cir. 1992).  Accordingly, this Court will not hold *pro se* litigants, such as Plaintiff, to the same stringent standards as formally trained attorneys. Id. at 600.  The leeway given *pro se* litigants, however, is not an open invitation for careless litigation.

Unlike procedural hurdles, *pro se* litigants are held to the same substantive standards as other civil litigants when undergoing a motion for summary judgment. Id. at 599.  As the party who ultimately bears the burden of proof on a particular issue, Plaintiff may avoid summary judgment only if she affirmatively demonstrates, by specific factual allegations, that there is a genuine issue of material fact requiring a trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Plaintiffs "should not be allowed to proceed with a case on the mere hope that trial would produce the evidence [they were] unable to garner at the stage of summary judgment." Parker v. Federal Nat'l Mortgage Ass'n, 741 F.2d 975, 980 (7th Cir. 1984). Even though Plaintiff is not held to the same rigors as formally trained attorneys, summary judgment is proper if the Plaintiff makes no factual allegations to support her claims. See N.D. L.R. 56.1(b) ("In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without

4

controversy, except to the extent that such facts are controverted in the Statement of Genuine Issues filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.").

Pursuant to N.D. L.R. 56.1(e), Defendant served notice to Plaintiff on January 3, 2005, outlining the standards set forth in Lewis v. Faulkner, 689 F.2d 1000 (7th Cir. 1982) and similar cases. Specifically, the notice explained the consequences Plaintiff would face if she did not submit affidavits to oppose Defendant's Motion for Summary Judgment. It explained that Plaintiff could not simply rely upon the allegations of her complaint, but that she must set forth specific facts demonstrating a genuine issue of material fact for trial. The notice warned that any factual assertions in Defendant's motion would be accepted as true unless Plaintiff submitted her own affidavits or other documentary evidence.

Despite her notice to do so, Plaintiff failed to file any form of response to Defendant's motion for summary judgment.  On March 23, 2005, Plaintiff filed a response to the motion to dismiss which is evidence that Plaintiff was in fact aware of the need to respond to the motions. Because Plaintiff has provided no response to Defendant's motion for summary judgment, this Court will accept Defendant's facts as undisputed.

**IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Based on the allegation in Plaintiff's complaint, it appears that Plaintiff is asserting that Defendant discriminated against her based on her gender in violation of Title VII. A Plaintiff can prove a claim of sex discrimination either by offering direct evidence of discriminatory intent or by proceeding under the indirect method of burden-shifting set forth in McDonnell Douglas Corp. v. Green. 411 U.S. 792, 802-04 (1973).  It is unclear whether Plaintiff is claiming

5

gender discrimination under the direct or indirect method. Thus, this Court will analyze Plaintiff's case under both approaches. However, under either a direct or indirect analysis, Plaintiff's case does not survive summary judgment.

    A.    <u>Plaintiff Has Failed to Establish Gender Discrimination under the Direct Evidence Approach</u>

The direct evidence approach permits a Plaintiff to show, by way of direct or circumstantial evidence, that the employer's decision to take an adverse job action against the Plaintiff was motivated by an impermissible purpose, such as gender. <u>Rhodes v. Illinois Dept. of Transp.</u>, 359 F.3d 498, 504 (7th Cir. 2004). Direct evidence is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer without reliance on inference or presumption. <u>Id</u>. The direct evidence approach essentially requires an admission by the employer that the decision was based on gender discrimination. <u>Rogers v. City of Chicago</u>., 320 F.3d 748, 753 (7th Cir. 2003). A Plaintiff can also prevail under the direct method of proof by constructing a "convincing mosaic" of circumstantial evidence that allows a jury to infer intentional discrimination by the employer. <u>Troupe v. May Dept. Stores Co.</u>, 20 F.3d 734, 737 (7th Cir. 1994); <u>Adams v. Wal-Mart Stores, Inc</u>., 324 F.3d 935, 939 (7th Cir. 2003). That circumstantial evidence, however, "must point directly to a discriminatory reason for the employer's action." <u>Rhodes v. Illinois Dept. of Transp.</u>, 359 F.3d 498, 504 (7th Cir. 2004).

In this case, Plaintiff has not provided specific factual allegations in the form of affidavits that could be construed as direct evidence of gender discrimination. In Plaintiff's unverified complaint she alleges that she told Mr. Thomas that she would quit if Defendant lowered every employee's pay. In response, Plaintiff claims that Mr. Thomas said "[t]hat's why we need men around here." In his affidavit Mr. Thomas denies making this statement. (Thomas Aff. ¶ 6).

However, even if he did, the statement does not show a "convincing mosaic" of circumstantial evidence necessary to prove direct discrimination. Troupe v. May Dept. Stores Co., 20 F.3d 734, 737 (7th Cir. 1994). Nor does this statement rise to the level of an admission by the employer that the decision was based on gender discrimination. Rogers v. City of Chicago., 320 F.3d 748, 753 (7th Cir. 2003). As Plaintiff provides no other evidence of discrimination, Plaintiff is lacking the substantial evidence needed to show discrimination under the direct method approach.

      B.      Plaintiff Has Failed to Establish Gender Discrimination Under the Indirect Evidence Approach

If a plaintiff cannot produce credible direct evidence of gender discrimination she may proceed under the burden-shifting paradigm announced by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Adams v. Wal-Mart Stores, Inc. 324 F.3d 935, 939 (7th Cir. 2003). Under McDonnell Douglas, a plaintiff must raise an inference of discrimination by offering sufficient evidence to make out a prima facie case. Pafford v. Herman, 148 F.3d 658, 665 (7th Cir. 1998). To establish a prima facie case under McDonnell Douglas, a plaintiff must demonstrate that (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) her employer treated similarly situated employees outside of her protected class more favorably. Contreras v. Suncast Corp., 237 F.3d 756, 759-60 (7th Cir. 2001).

If a plaintiff is able to make the prima facie showing, there is a presumption that the plaintiff was discriminated against, and the defendant must come forward with a legitimate nondiscriminatory reason for the employment action. See McDonnell Douglas, 411 U.S. at 802. The defendant need not prove that it was actually motivated by the proffered reason, rather a

defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981).  Once the defendant has met this burden of production, the plaintiff must prove by a preponderance of the evidence that the reason offered by the defendant is merely a pretext for discrimination.  Id. at 253.  While the McDonnell Douglas approach is often called a "burden shifting" method of proof, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Contreras, 237 F.3d at 760.

Plaintiff is unable to establish a prima facie case of discrimination under McDonnell Douglas.  While Defendant concedes that Plaintiff is a member of a protected class and that she was terminated, Plaintiff has failed to establish that she performed her job satisfactorily and that she was treated differently than other similarly situated employees outside of her protected class.

The undisputed facts illustrate that Plaintiff was not performing her job satisfactorily. According to Mr. Wysong, the company received many complaints from employees that Plaintiff was not fulfilling her duties as a group leader.  (Wysong Affidavit ¶ 5-6).  Employees stated that Plaintiff often spoke poorly about the company and that she was not a good supervisor or team player. (Wysong Affidavit ¶ 5).   Mr. Wysong even heard Plaintiff make disparaging remarks about the realignment of duties.  Plaintiff's negative actions made it difficult for Defendant to implement its new policies.  Therefore, Plaintiff, as a group leader responsible for overseeing and carrying out the companies policies, was not performing her job satisfactorily.

Furthermore, Plaintiff has not shown that similarly situated individuals outside of her class were treated more favorably.  In her complaint, Plaintiff alleges that similarly situated male

8

employees were not fired. However, to demonstrate that another employee is similarly situated, Plaintiff must show that there is someone who is directly comparable to her in all material respects. Grayson v. O'Neill, 308 F.3d 808, 819 (7th Cir. 2002). Aside from her assertion in her complaint, Plaintiff has failed to provide any evidence that these male employees were similarly situated but not fired. There is no evidence that the male employees had similar positions, training, years of experience, or expertise as Plaintiff. Without some evidence of an individual who was similarly situated but treated more favorably, Plaintiff's claim may not proceed.

Because Plaintiff has not shown that she performed her job satisfactorily, or that similarly situated individuals outside of her protected class were treated more favorably, Plaintiff has not established a prima facie case under McDonnell Douglas. Consequently, this Court does not need to address the remaining elements of the McDonnell Douglas test. As Plaintiff has failed to establish a prima facie case, this Court **RECOMMENDS** that Plaintiff's motion for summary judgment [Doc. No. 41] be **GRANTED.**[1]

### V.   ANCILLARY MATTERS

#### A.   Defendant's Two Motions for Summary Judgment

Defendant filed two motions for summary judgment in this case. The first motion [Doc. No. 38] was filed manually, while the second motion [Doc. No. 41] was filed electronically. Both motions were docketed on January 3, 2005, and are essentially identical. Because these motions are duplicative, this Court **RECOMMENDS** that Defendant's first motion [Doc. No. 38] be **DENIED AS MOOT.**

---

[1] Defendant raises several alternative grounds for judgment in its motion for summary judgment. However, because there are sufficient grounds for judgment based on the merits of this case, this Court declines to rule on the procedural issues raised in Defendant's motion for summary judgment.

      B.     <u>Defendant's Motion to Dismiss</u>

Defendant filed a renewed motion to dismiss on February 28, 2005.  The motion detailed Plaintiff's numerous alleged discovery violations as a basis for dismissing this case.  Because this Court has addressed the merits of this case pursuant to Defendant's motion for summary judgment, this Court **RECOMMENDS** that Defendant's renewed motion to dismiss [Doc. No. 45] be **DENIED AS MOOT**.

## VI.    CONCLUSION

Because Plaintiff is unable to establish a prima facie case for gender discrimination under Title VII, this Court **RECOMMENDS** that Defendant's second motion for summary judgment [Doc. No. 41] be **GRANTED** and that judgment be entered in favor of Defendant and against Plaintiff.  Furthermore, this Court **RECOMMENDS** that Defendant's first motion for summary judgment [Doc. No. 38] and Defendant's renewed motion to dismiss [Doc. No. 45] be **DENIED AS MOOT.**

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Lerro v. Quaker Oats Co.</u>, 84 F.3d 239 (7th Cir. 1996).**

**SO ORDERED.**

Dated this 1st day of April, 2005.

                                      <u>s/Christopher A. Nuechterlein</u>
                                      Christopher A. Nuechterlein
                                      United States Magistrate Judge

cc:     Grove